UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Melissa Messier

    v.                               Civil No. 04-cv-028-JD

Dell Computer Corporation et al.

O R D E R

Each of the defendants, Dell Computer Corporation[1] and Sony Electronics, Inc., has moved for summary judgment on Melissa Messier's claims for strict products liability, negligence, and breach of warranty premised on injuries she allegedly suffered from exposure to the battery of a laptop computer. Melissa Messier ("Messier"), proceeding pro se, has filed two objections to Dell's motion and a separate objection to Sony's motion. She has also moved to strike each of the motions, to which the defendants object. Finally, together with her first objection to Dell's summary judgment motion, Messier has filed a motion to compel the production of documents and answers to interrogatories from each of the defendants.

Messier moves to strike Dell's summary judgment motion because the copy of the motion and its supporting memorandum

---

[1] Since this case was filed, Dell Computer Corporation has changed its name to Dell, Inc.

served upon her were not signed by counsel.  She argues that this omission amounts to a violation of the signature requirement of Fed. R. Civ. P. 11(a).  But "the rule requires that only the original of any paper submitted to the court must be signed, [though] as a matter of courtesy all copies should identify the person who signed the original document."  5A Charles A. Wright & Arthur R. Miller, <u>Federal Practice & Procedure</u> § 1333, at 521 (2d ed. 1997) (footnote omitted).  Here, each of Dell's moving papers filed with the court bore the signature of its attorney, Andrew D. Dunn, who was also identified in the signature block of the copy of each of those documents served on Messier.  Accordingly, there is no basis to strike Dell's filing.

Messier also moves to strike Sony's motion for summary judgment and the supporting affidavit of Susanna Newsom, an attorney who attests that she has reviewed the records in this case.  Messier argues that (1) because Newsom "does not work for" the law firm representing Sony in this matter "she had no right to review any records in this case," (2) the affidavit was signed on July 15, 2005, but not filed until July 28, 2005, and (3) the affidavit does not comply with Fed. R. Civ. P. 26 and L.R. 5.1(b).  These arguments proceed from fundamental misunderstandings of practice and procedure and are plainly

without merit.[2]

Messier also objects to Sony's motion because it was filed "prematurely," i.e., on July 28, 2005, rather than on August 13, 2005, which she understands to be the appointed date for filing summary judgment motions in this matter pursuant to the scheduling order.  The order, which adopted the proposed plan submitted by Sony, indeed requires motions for summary judgment to be filed 120 days before trial, which in this case works out to August 15.  A scheduling order, however, imposes deadlines by which certain events must occur, see Fed. R. Civ. P. 16(b), and does not itself prohibit those events from occurring earlier.

Relatedly, the court notes that Dell did not file its motion for summary judgment until September 22, 2005, despite the August 15 deadline for filing.  Messier, however, has not objected to Dell's motion or moved to strike it on the ground that it is untimely.  As a result, and because Dell's motion for summary judgment relies on essentially the same bases as Sony's timely motion for summary judgment, the court determines that good cause exists to extend the deadline to accommodate Dell's late filing. See Fed. R. Civ. P. 16(b).

Turning to the merits of the summary judgment motions, the

---

[2] In fact, Newsom did her work on this case as a contract attorney for Sony's law firm.

defendants argue that Messier has no evidence that the battery caused her any injury.  Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  This rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

To prevail on any of her claims in this case, Messier must prove that the defendants' allegedly negligent conduct, or the otherwise defective nature of the products at issue, proximately caused her claimed injury.  See, e.g., Carnigan v. N.H. Int'l Speedway, Inc., 151 N.H. 409, 414 (2004) (negligence); Elliot v. Lachance, 109 N.H. 481, 484-85 (1969) (strict liability and breach of warranty); accord Evans v. Taco Bell Corp., 2005 DNH 132, 2005 WL 2333841, at *5, *10-*11 (D.N.H. Sept. 23, 2005).  The defendants point out that the only "injury" to Messier documented in her medical records consists of a single visit to the emergency room for nausea on June 21, 2001.  Furthermore, the

only record of this visit is a sheet of discharge instructions which suggest nothing about the cause of the reported nausea. The defendants therefore contend that Messier has no proof that any injury she allegedly suffered was caused by the battery.

Messier's objections to the summary judgment motions largely ignore this argument in favor of recounting public statements by Dell and Sony which allegedly acknowledge defects in the batteries used in laptop computers. These statements are irrelevant to whether such a defect actually caused injury to Messier. See Evans, 2005 DNH 132, 2005 WL 2333841, at *10-*11 (requiring plaintiff to supply proof that defendant's product caused her injury even when product assumed to be defective). Messier also relies on evidence she believes to show that her husband, who was issued the allegedly defective laptop by his employer, suffered injuries from the battery. But this evidence does not show that Messier herself sustained any such injuries.[3]

In fact, Messier's objections do not identify any evidence

---

[3]Messier places particular reliance on a letter written by a doctor who completed a psychiatric evaluation of her husband which states that "Mr. Messier, and his wife and children are still processing their emotional and physical reactions to being the subjects of a bizarre case of chemical toxicity." Opp'n Sony Mot. Summ. J. Ex. B. The letter, however, gives no indication that the doctor ever examined Messier herself. Its vague reference to Messier's "emotional and physical reactions," then, does not create a genuine issue of material fact as to whether she suffered any injury from the battery.

Case 1:04-cv-00028-JD   Document 81   Filed 10/31/05   Page 6 of 8

among the voluminous papers she has submitted with them which suggests any injury whatsoever.  Instead, she offers an unsworn account of the circumstances preceding her trip to the emergency room in June 2001, suggesting that she began feeling uncomfortable and nauseous while at home that evening as a result of looking through documents that had been near the computer.  Such "factual assertions made in briefs and other self-serving documents that are not otherwise supported by competent evidence" are disregarded in ruling on summary judgment.  Lewis v. City of Boston, 321 F.3d 207, 215 n.7 (1st Cir. 2003).

In any event, by Messier's own account, see Compl. ¶ 19, the computer had not been in her home since February 2001, when technicians at her husband's workplace had allegedly discovered the battery was leaking.  Expert testimony would therefore be necessary to support Messier's theory that exposure to chemicals allegedly leaked from the battery more than five months earlier triggered her symptoms on June 2001, because "any inference of [this] requisite causal link must depend upon observation and analysis outside the common experience of jurors."[4]  Estate of Joshua T. v. New Hampshire, 150 N.H. 405, 408 (2003) (internal

---

[4] The same is true of Messier's apparent theory that her husband sexually transmitted his alleged lithium poisoning from the battery to her.

quotation marks and bracketing omitted).  Messier has not come forward with any such evidence.

Finally, Messier objects to the entry of summary judgment because (1) Dell has not responded to a request for production of documents or a set of interrogatories she directed to a Dell quality control engineer and (2) Sony has provided inadequate responses to document requests and interrogatories propounded to it.  Messier notes that, together with her objection to Dell's motion for summary judgment, she has filed motions to compel both defendants to provide the discovery responses she claims are outstanding.  But neither Messier's objections to the summary judgment motions nor her motions to compel suggest that the defendants remain in possession of any facts tending to show a causal connection between her claimed injuries and any alleged negligence on their part or defect in their products.[5]

Indeed, any information on Messier's injuries or their likely origin should be under her own control.  The pendency of her discovery requests, or her desire to engage in additional discovery beyond that, provides no basis for denying the motions

---

[5] Messier characterizes her discovery requests as seeking the defendants' knowledge of the potential for injury caused by their products.  Again, even if the defendants knew that their products might cause injury, it does not follow that Messier sustained any such injury as a result of using them.  See Evans, 2005 DNH 132, 2005 WL 2333841, at *10-*11.

for summary judgment.  See, e.g., Vargas-Ruiz v. Golden Arch Dev., Inc., 368 F.3d 1, 4 (1st Cir. 2004); cf. Fed. R. Civ. P. 56(f).  Messier's motions to compel are therefore moot.

## Conclusion

For the foregoing reasons, Sony's motion for summary judgment (document no. 62) and Dell's motion for summary judgment (document no. 72) are GRANTED.  Messier's motions to strike (document nos. 63 and 75) are DENIED.  Messier's motions to compel (documents no. 78 and 79) are DENIED as moot.  The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

October 31, 2005

cc: Andrew D. Dunn, Esquire
    Steven M. Gordon, Esquire
    Melissa A. Messier, pro se